BOOZE, Ex parte. See Case No. 12,096.

## Case No. 1,654.

### In re BORDEN et al.

[5 Ben. 228;[1]  5 N. B. R. 128.]

District Court, S. D. New York.   June 16, 1871.

BANKRUPTCY—DISCHARGE—FIFTY PER CENT. CLAUSE—VALUE.

An appraisement of the stock of goods of the bankrupts, made a few days after the filing of their voluntary petition, fixed its value at a certain sum, but they were sold by the assignee for much less. There was no proof that the goods depreciated in value before their sale.

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

Taking the value at the amount realized by the assignee, the assets of the bankrupts were not equal to fifty per cent. of the claims proved against their estate, on which they were liable as principal debtors: *Held*, that the appraisement was exaggerated, and the amount realized by the assignee was the only safe guide as to the value of the assets, and as the bankrupts had not filed the assent in writing of a majority in number and value of their creditors, discharges must be refused them.

[Cited in Re Waggoner, 5 Fed. 917.]

[In bankruptcy. · Petition for discharge by Wiliam W. Borden and Horace P. Geary, bankrupts. Denied.]

Cheney & Dixon, for bankrupts.

C. A. Seward and J. B. Fogerty, for opposing creditors.

BLATCHFORD, District Judge. In this case, the debts proved, on which the bankrupts are liable as principal debtors, are, at the minimum amount, $10,766.24. Fifty per cent. of this sum is $5,383.12. In view of the testimony as to the condition of the stock of goods turned over by the bankrupts when they filed their voluntary petition in bankruptcy, July 21st, 1869, I must reject the appraisement of such stock made at $4,-606.64, July 27th, 1869. That appraisement was, on the proofs, very much exaggerated. How much it is impossible to say. There is no safe guide but the amount realized for the goods by the assignee. There is no satisfactory evidence that the goods suffered any depreciation in value between July 21st, 1869, and the time when the assignee sold them, whether before or after they came into the assignee's hands, or that the bankrupts are entitled to have any larger sum taken as the value of such goods, in determining the amount of their assets under section 33 of the act [of 1867, 14 Stat. 533], as amended by the act of July 27th, 1868, § 1 (15 Stat. 227), than the sum realized by the assignee. This same view, on the evidence, applies to all the property of the bankrupts. The assignee certifies that the proceeds, in his hands, of property sold and of debts collected, and the debts uncollected but in his opinion good and collectible, amount to $4,933.14. This amount does not include the expenses of selling the property, but such expenses were only about $250, and the $4,-933.14 is less than the $5,383.12 by $449.98. The proceedings having been commenced after January 1st, 1869, and the debtors not having shown that their assets are equal, or have been, at any time since they filed their petition, equal to fifty per cent. of the claims · proved against their estate, upon which they are or were liable as principal debtors, and not having filed the assent in writing of a majority in number and value of their creditors to whom they are or have become liable as principal debtors, and who have proved their claims, discharges are refused.